## SUPREME COURT.

### JACOB HAIGHT agt. AMOS C. WRIGHT.

A plaintiff in an action for work, labor, and services done and performed for defendant, by his *minor son*, is not required to *prove the legitimacy of his son, by a marriage with his mother, previous to the birth of the son,* although the answer by its denials raises this issue. (*This is adverse to the case of Armstrong agt. McDonald,* 10 *Barb.*, 300; *also a general term decision. There are some facts, which from their nature and character, must be averred and proved in the most general way, and which courts are authorized, and perhaps, bound to receive in that way; and especially so, where oftentimes they are as difficult of proof, specifically, as the one under consideration.* REP.)

*Third District, Albany General Term, December*, 1859.
*Present,* GOULD, HOGEBOOM, *and* WRIGHT, *Justices.*

On the 3d day of October, 1857, the plaintiff, Haight, commenced an action against the defendant, Wright, before a justice of the peace of Albany county. On the return of the summons, plaintiff complained for work and labor done and performed by his minor son for defendant in 1857, and for which plaintiff claimed judgment. Defendant denied each and every allegation contained in the complaint, and denied specifically that plaintiff's minor son ever done any work for defendant. Complaint and answer in writing. The issue was tried by the justice on the 23d of October, 1857, and the justice found and rendered judgment against defendant, and in favor of the plaintiff, for $22.53, and costs, $2.08. The defendant appealed to the county court of Albany county, by which court the judgment of the justice was affirmed : ROBINSON, County Judge, giving the following reasons for his decision, to wit: " The decision in 10*th Barbour* rather surprised me, yet until it is over-ruled I suppose it is law for this court. But this case has a little more than that in this particular; the son swears plaintiff is his father ; the defendant sends word to his father to come or send for the money, and he will pay, &c., admitting an indebtedness, and, as I think, admitting that plaintiff was his father, for when the boy speaks of plaintiff as his father, defendant says, ' when your father,' &c., evidently meaning the plaintiff. I am the more inclined to take this view of the case, because I doubt the correctness of that decision." From the decision and judgment of the county court, the defendant appealed to this court.

L. &. N. W. FALK, *for defendant,*

cited and relied upon the case of *Armstrong* agt. *McDonald,* 10 *Barb.,* 300 ; which decides that where a plaintiff, who asserts that a minor is his son, and that he is therefore entitled to recover from the defendant the value of the labor which the minor has performed for him, must, if the defendant deny the relationship, prove that the minor is his

*legitimate son.* And this he cannot do, without giving some evidence of a marriage with the mother of the minor, previous to the birth of the minor. That the declarations of the plaintiff and his wife upon that subject are not evidence in favor of the plaintiff. Nor is the testimony of a witness, that the plaintiff is the father of the witness and of the minor, sufficient.

LYMAN TREMAIN, *for plaintiff.*

The COURT, without giving any written opinion, *affirmed* the judgment of the county court.